

Ryan T. Benson
312.422.6138 Direct
312.422.6110 Facsimile
rbenson@ohaganmeyer.com

February 22, 2022

Judge Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

**APPLICATION GRANTED
SO ORDERED**
VERNON S. BRODERICK
U.S.D.J.   02/23/22

Re:   *Juan Ortega v. Dr. Schar USA, Inc.*
      Case No. 1:21-cv-10984-VSB
      Motion to Submit Video Evidence in Support of Motion to Dismiss

---

Dear Judge Broderick:

The allegations in the Complaint allege that Plaintiff reviewed the website www.shop.schar.com in December of 2021. On January 21, 2022, Defendant had the website reviewed by Robert Kingett (a totally blind individual) with his screen reader software and a video was made of him performing this task. Defendant would like to add the video as an exhibit to a Declaration signed by Robert Kingett showing him navigating the website, and ordering product with his screen reader software. This is permissible as the Second Circuit is clear that "[i]n reviewing a *factual* challenge to subject matter jurisdiction, the court may rely on the plaintiff's complaint, as well as look to extrinsic evidence. *Greater New York Hospital Assoc. v. United States*, 1999 WL 1021561, at *4 (S.D.N.Y. Nov. 9, 1999) (emphasis in original); *see also Paguada v. Yieldstreet Inc.*, 2021 WL 4896278, at *2 (S.D.N.Y. Oct. 20, 2021) citing *SM Kids, LLC v. Google, LLC*, 963 F.3d 206, 210 (2d Cir. 2020) ("A Rule 12(b)(1) motion challenging subject matter jurisdiction may be based solely on the complaint or may rely on evidence beyond the pleadings.").

Pursuant to the Southern District of New York Electronic Case Filing Rules & Instructions, 5.2, "[a] party may move before the Court for permission to serve and file in hard copy documents that cannot be reasonably scanned." Defendant hereby requests that the Court grant leave to submit this video, as the Motion to Dismiss is being filed based on a standing argument because Defendant argues that the case is moot. Further, Defendant's request to add Mr. Kingett's video as an exhibit

Judge Vernon S. Broderick
February 22, 2022
Page 2

to Defendant's 12(b)(1) motion to dismiss is not a matter of first impression for this Court. On April 16, 2021, Judge J. Paul Oetken, granted an identical request and ordered the defendant to supply both the Court and plaintiff with a copy of the video of Mr. Kingett in that matter. *See Williams v. Northern Brewer, LLC*, 21-cv-01821-JPO at ECF Nos. 9, 15. More recently, on February 8, 2022, Judge Gregory H. Woods also granted a similar request and ordered the defendant to send a copy of the video the his chambers. *See Carmen Tavarez-Vargas v. Speculative Product Design, LLC*, 21-cv-10395-GHW at ECF No 21. The video to the instant matter is an integral part of the Motion to Dismiss to show the Court there is no longer any "case or controversy" and will be part of a Declaration signed by Robert Kingett. If this letter motion is granted, Defendant intends to send a copy of a disc or USB drive to Chambers and Plaintiff's counsel.

                                                          Respectfully submitted,

                                                          Ryan T. Benson

RTB/jhm
cc:    All Attorneys of Record (*via* ECF)